Wayne L. TERRILL

v.

Regina R. TERRILL.

No. 78–376–Appeal.

Supreme Court of Rhode Island.

June 16, 1981.

Adamo & Newman, Edward H. Newman, Westerly, for petitioner.

Kirshenbaum Law Offices, Inc., Allen M. Kirshenbaum, Sanford M. Kirshenbaum, Carolyn R. Barone, Providence, for respondent.

OPINION

MURRAY, Justice.

This is an appeal by the respondent, Regina R. Terrill (Regina), from a Family Court

decree denying her motion to modify a foreign custody decree and granting the motion of the petitioner, Wayne L. Terrill (Wayne), to enforce that decree. There is no dispute concerning the facts involved in this appeal.

Wayne, a resident of Missouri, and Regina, a resident of Rhode Island, were married in Rhode Island in 1969. One child, Teresa V. Terrill (Teresa), was born of the marriage on September 2, 1971. Wayne and Regina later separated, and Wayne returned to Missouri. In July 1974, the Circuit Court of Macon County, Missouri (hereinafter referred to as the "Missouri court"), granted Wayne's petition seeking dissolution of the marriage. At the time the petition was filed, Regina was living in Rhode Island. However, she entered her appearance in Missouri and was represented by counsel at the hearing on the petition. The decree of dissolution awarded the custody of Teresa to Regina and afforded visitation privileges to Wayne.[1]

The record indicates that in April 1976 Regina sent Teresa to visit with her father in Missouri. The parties agreed that Wayne would return the child to the mother in September so that the child could start school. Apparently Wayne refused to return the child at the appointed time, and such refusal resulted in Regina's traveling to Missouri in an attempt to effectuate the return. Once in Missouri, Regina was served with process relating to Wayne's motion seeking a change of custody under the decree of dissolution.

In his motion to modify the custody provisions of the decree of dissolution, Wayne alleged, *inter alia*, that Teresa had been sexually abused by Regina's children from a prior marriage. Regina appeared at the hearing and, again, was represented by

counsel. After hearing testimony on the motion on August 25, 1977, the Missouri court ordered the matter continued for studies of the parties' homes by both Missouri and Rhode Island social service agencies, including an investigation of one of Regina's other children. Pending the completion of these studies and a determination of the motion to modify, the court awarded Wayne temporary custody of Teresa. However, the court granted visitation privileges to Regina from August 25 to August 27, 1977.

Regina, however, did not return Teresa to her father at the end of that period, and in violation of the Missouri court order she returned to Rhode Island with the child. Subsequently, on March 3, 1978, the Missouri court found it to be in the best interest of the child that Teresa be placed in custody of her father and modified the decree of dissolution accordingly.

On June 7, 1978, Wayne filed a petition in the Family Court seeking enforcement of the Missouri custody decree pursuant to the provisions of the Uniform Child Custody Jurisdiction Act (the act), G.L.1956 (1969 Reenactment) chapter 14 of title 15, as enacted by P.L.1978, ch. 185, § 1.[2] Prior to the hearing on this petition, Regina filed a motion to modify the Missouri decree, alleging that a change of circumstances had occurred in the lives of the parties and of the child and that a return of the custody of Teresa to Regina was in the best interest of the child.

A hearing on both motions was held before a justice of the Family Court on October 16, 1978. The trial justice, after hearing testimony and conferring with the child in his chambers, granted Wayne's petition to enforce the Missouri custody decree, denied Regina's motion to modify, and re-

---

1. Specifically, the decree of dissolution provided that Wayne "have the right to visit said child at all reasonable times and places; and that [Wayne] further have the care and custody of said child, until she comes to [sic] school age, for a period of three months during each year, and that after said child comes to [sic] school age, [Wayne] shall have the custody and care of said child for a period of at least two

months during each summer, and that the parents share the care of said child during alternate holidays to the extent [Wayne] can afford the travel expenses for such visitation."

2. In 1978 Missouri adopted the Uniform Child Custody Jurisdiction Act, and its provisions are now found in Mo.Rev.Stat. §§ 452.440 to 452.-550.

turned Teresa to the custody of her father. Regina has appealed to us from that determination.[3]

I

On appeal, Regina argues initially that certain records obtained by the Family Court from the Missouri court, pursuant to § 15–14–23 of the act,[4] were improperly made a part of the Family Court record by the trial justice. The record indicates that prior to the hearing held in this matter, the trial justice ordered the clerk to request of the Missouri court

> "copies of all pleadings, orders, decrees, any records that have been made of its hearings, social studies, and other pertinent documents pertaining to the case of In Re the Marriage of Wayne Lee Terrill and Regina R. Terrill, Case No. 30083."

In response to that request, the Missouri court forwarded photocopies of pleadings, decrees, correspondence, and other documents. A certification accompanying the looseleaf records stated:

> "I, Russell D. Manning, Clerk of the Circuit Court in and for [Macon] County, hereby certify that the above is a true copy of the original Terrill vs. Terrill in the cause therein named, as the same appears on file in my office.
>
> "WITNESS my hand as Clerk, and the Seal of said Court. Done at office in Macon, Missouri, this 11[th] day of July, 1978.
>
> "RUSSELL D. MANNING, CIRCUIT CLERK
>
> "By /s/ Janet L. Douglas[,] Deputy."

Regina contends, as she did before the trial justice, that although the documents were accompanied by this certification, (1) the certification was not physically attached to the documents, (2) the certification does not indicate the documents for which it is a certification, (3) there is no way of knowing whether the documents received from the Missouri court were all the documents that were required to be forwarded, and (4) the documents contained no docket sheet to indicate that the documents forwarded were all the documents contained in the Missouri court file.

■ Assuming, without deciding, that the certification was defective and that the Missouri court records were improperly made a part of the Family Court record, we feel that Regina has failed to demonstrate to us how she was in any way prejudiced by the trial justice's acceptance of these documents. The record indicates that although these documents were made a part of the Family Court record, none of them were introduced into evidence at the hearing, and the trial justice made no reference to them during the course of the hearing or in his decision. Certified copies of the Missouri court's August 25, 1977 order awarding temporary custody of Teresa to Wayne and the March 3, 1978 order modifying the decree of dissolution were introduced into evidence. Copies of these orders were among the documents obtained from the Missouri court, but the actual copies admitted into evidence had been obtained from the Missouri court by Wayne, and attached to each was a certification by the clerk of the court. Since Regina was not in any way prejudiced by the trial justice's decision to make the Missouri court documents a part of the record herein, we shall not disturb the trial justice's ruling thereon.

II

Regina's second contention is that the trial justice erred in holding that he did not

---

3. On October 19, 1978, we denied Regina's motion to stay the trial justice's order in this matter.

4. General Laws 1956 (1969 Reenactment) § 15–14–23, as enacted by P.L.1978, ch. 185, § 1 provides:

> "If a custody decree has been rendered in another state concerning a child involved in a custody proceeding pending in the family court, the family court upon taking jurisdiction of the case shall request of the court of the other state a certified copy of the transcript of any court record and other documents mentioned in § 15–14–22."

Section 15–14–22 mentions "pleadings, orders, and decrees, any record that has been made of its hearings, social studies, and other pertinent documents * * *."

have jurisdiction to modify the Missouri decree in view of the fact that § 15–14–4(a)(2)[5] specifically confers jurisdiction on the Family Court to make an initial custody determination or to modify a custody decree when it is in the best interest of the child. She asserts that the Uniform Child Custody Jurisdiction Act does not limit or alter the Family Court's duty to render custody decrees based on the best interest of the child. Regina argues that a foreign custody decree "should enjoy no higher status or dignity" merely because it was rendered by another state. Consequently, she adds, if a decree rendered by our Family Court can be modified upon a demonstration of a change in circumstances, then a foreign decree can likewise be modified by the Family Court in the event of a change in circumstances.

Initially, we note that Regina has apparently misconceived the basis of the trial justice's decision in this matter. In denying Regina's motion to modify the Missouri decree, the trial justice stated:

"the fact remains that the situation as it is today is brought about by Regina Terrill's behavior in bringing the child back to Rhode Island in the middle of a hearing, apparently, in Missouri, and I don't think that this is the type of case that [t]his [c]ourt should intervene in at this time; that the order of it, the order of the Missouri court ought to be honored and I don't see how we can now say that [t]he [c]ourt ought to look into it and review the situation.

" * * *

"This woman had her chance in Missouri to make her thoughts known, to introduce her testimony. She was represented by counsel. I think there's got to be an end to forum shopping and the legislature * * in its wisdom, has enacted the Uniform Child Custody Act and I think, pursuant to that, I am going to find that this case

belongs in Missouri and order the child returned to Missouri forthwith in the custody of her father."

Although it was not expressly stated in his decision, the trial justice, by refusing to exercise jurisdiction to modify the Missouri decree, impliedly held that the Family Court had jurisdiction in this matter. Admittedly, the trial justice did state at one point during the hearing that he had no jurisdiction to modify the decree; however, later in the hearing, he qualified that remark by noting to counsel that he had not ruled that he had no jurisdiction, but only that he was contemplating making such a ruling.

Under the statutory scheme of the act, § 15–14–4 sets forth the various bases upon which the Family Court can exercise jurisdiction to make an initial child-custody determination or to modify its own or another state's custody decree. However, in instances in which modification of a custody decree of another state is sought, the Family Court must make the threshold determination of whether it is barred from exercising jurisdiction by reason of the provisions of § 15–14–15, which provides:

"*Modification of custody decree of another state.*—(a) If a court of another state has made a custody decree, the family court shall not modify that decree unless (1) it appears to the court that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and (2) the family court has jurisdiction.

"(b) If the court is authorized under subsection (a) and § 15–14–9 to modify a custody decree of another state it shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with § 15–14–23."

5. General Laws 1956 (1969 Reenactment) § 15–14–4(a)(2) provides that the Family Court has jurisdiction to make a child-custody determination by initial or modification decree if

"it is in the best interest of the child that the family court assume jurisdiction because (i) the child and his parents, or the child and at

lest one (1) party, have significant connection with Rhode Island, and (ii) there is available in Rhode Island substantial evidence concerning the child's present or future care, protection, training, and personal relationships[.]"

Thus, under the act, when modification of a foreign custody decree is sought, before the Family Court can exercise its jurisdiction to modify that decree, it must first conclude that the court that rendered the decree no longer has jurisdiction pursuant to § 15–14–4. If the Family Court determines that the foreign court continues to have the power to act regarding the matter, it must further ascertain whether the foreign court has, for some reason, declined to exercise its jurisdiction. It is only after this preliminary determination has been made that the Family Court can consider whether it has jurisdiction over the controversy pursuant to § 15–14–4.

Even if the Family Court determines that the court that rendered the decree no longer has jurisdiction over the matter and that the Family Court does have jurisdiction under § 15–14–4, the Family Court may also be precluded from exercising its jurisdiction to modify a foreign custody decree by the provisions of § 15–14–9. See § 15–14–15(b). Section 15–14–9, in parts pertinent here, provides that

"[u]nless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances."

Applying this analysis in the instant case, we find that the record indicates that the Missouri court clearly had obtained jurisdiction over Wayne and Regina when it rendered the decree of dissolution, and ancillary thereto it entered a custody decree awarding custody of Teresa to Regina. Thereafter, Wayne requested the Missouri court to modify that decree. In view of the fact that Wayne had alleged sexual abuse of the child while in Rhode Island and the fact that the child was physically present in Missouri at the time the modification was sought, the Missouri court had obtained jurisdiction in accordance with the act (Mo. Rev.Stat. § 452.450(3)(b)) and had purported to exercise such jurisdiction when it temporarily modified its prior custody decree.

Rather than await the determination of Wayne's motion for modification of the custody decree and then to seek the appropriate appellate review in Missouri, Regina chose to remove the child from that jurisdiction and to return to Rhode Island with her. Thus, at the time Regina sought modification of the Missouri custody decree, Teresa was present in Rhode Island only because Regina had improperly removed her from the custody of Wayne to whom the Missouri court had given custody of the child.

It is clear, therefore, that at the time Regina sought modification of the decree in the Family Court, the Missouri court continued to have jurisdiction over this matter notwithstanding the lack of physical presence of the child within that state. Further, there is nothing in the record to indicate that, prior to seeking modification of the custody decree in the Family Court, Regina had sought modification of the decree in Missouri and that the Missouri court had declined to assume jurisdiction to do so.

Under such circumstances, § 15–14–15 of the act mandated that the Family Court not exercise its jurisdiction to modify the Missouri decree.[6] Because it would have been a violation of the act if the Family Court had purported to exercise its jurisdiction, Regina's motion to modify the Missouri decree was properly denied by the trial justice.

---

**6.** Even if the Family Court, in this instance, had determined that the Missouri court no longer had jurisdiction and that the Family Court did have jurisdiction, the fact that Regina had improperly removed Teresa from Missouri in violation of the Missouri decree temporarily awarding custody to Wayne would have mandated that the Family Court not exercise its jurisdiction to modify the decree. Section 15–14–9(b).

For the reasons stated, Regina's appeal is denied and dismissed, the decree appealed from is affirmed, and the papers in this matter are hereby remanded to the Family Court.

SHEA, J., did not participate.